IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHNNIE HEENAN                                                  PLAINTIFF

v.                                                                 CIVIL ACTION NO. 4:24CV88-RP

COMMISSIONER OF SOCIAL SECURITY                       DEFENDANT

## OPINION AND JUDGMENT

Johnnie Heenan seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on April 30, 2025. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

1

Commissioner at step five.[2]  First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3]  Second, plaintiff must prove the impairment is "severe" in that it "significantly limits [his physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if he proves that the impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

has the severe impairments of degeneration of the spine, COPD, arthritis and obesity. At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found that plaintiff has the residual functioning capacity ("RFC") to perform light work with the following limitations:

> to lift and/or carry up to 20 lbs occasionally and 10 lbs frequently. He can stand and/or walk for six hours over the course of an 8-hour workday. He can sit for six hours over the course of an 8-hour workday. He can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He can occasionally engage in stooping, crouching, kneeling, or crawling. He can occasionally reach overhead with both arms. He must avoid unprotected heights and concentrated exposure to respiratory irritants such as dusts, fumes, gases, and odors.

At step four, the ALJ found that the plaintiff cannot perform his past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of cashier, a furniture rental clerk and a ticket taker. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the ALJ failed to properly consider the plaintiff's mental impairments, which the ALJ found to be non-severe at step two of the sequential evaluation process after finding that the plaintiff's only limitation among the "paragraph B" criteria is a mild limitation in the ability to interact with others. The plaintiff argues that notwithstanding the non-severity finding, the ALJ was required – but failed -- to explain at step four how the plaintiff's mild limitation in this area of mental functioning affects the plaintiff's residual functional capacity. Further, the plaintiff argues that the error is prejudicial because a limitation in the RFC in the plaintiff's ability to interact with others may have affected the ability of the

4

plaintiff to perform the jobs relied upon by the ALJ at step five, all of which jobs require frequent talking. The court disagrees on both points.

Certainly, as the ALJ acknowledges in his decision, in assessing the plaintiff's RFC the ALJ must consider all of the plaintiff's impairments, including those that are not severe. 20 C.F.R. §§ 404.1545(a)(2) and 416.945(a)(2); SSR 96-8P, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). In the present case, when considering the severity of the plaintiff's depression at step two, the ALJ thoroughly discussed the mental consultative examination of the plaintiff, which is the only significant examination of the plaintiff's mental functioning in the record. Observing that the plaintiff showed no deficits in cognition, interacting with others, concentrating or persisting, or making adjustments, the ALJ found that the mental CE supports a finding of no mental limitations. Then, noting that the state agency psychological consultant found that the plaintiff's only limitation among the "paragraph B" criteria is a mild limitation in the ability to interact with others, the ALJ agreed, finding that the plaintiff's medical history shows no significant symptoms of depression and that a mild limitation in the ability to interact with others would not significantly interfere with the plaintiff's ability to engage in work around others. The court finds that this demonstrates sufficient consideration of the effect of the plaintiff's depression on his ability to work and to work around others, particularly in light of the scarcity of evidence in the record supporting any actual limitation in the plaintiff's ability to interact with others.

The plaintiff did not allege disability due to any mental impairment in his applications, and all the adult function reports and third-party function reports in the record deny any problems getting along with others. At his mental CE the plaintiff told the examiner, "I get

5

along with people great." When testifying at the administrative hearing about his impairments and limitations that prevent him from working, the plaintiff made no mention of any mental impairment or associated limitations, even when specifically asked if there were any impairments not already discussed that contribute to his inability to work. There being so little evidence in the record supporting any limitation in the plaintiff's ability to interact with others or in any other area of mental functioning, and after thoroughly explaining his non-severity finding at step two, the ALJ committed no error in omitting further discussion of the plaintiff's mental impairment when assessing the plaintiff's RFC. Even if this were error, it would be harmless.

Procedural perfection in administrative proceedings is not required, and the court will not vacate a decision "unless the substantial rights of a party have been affected." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors affect the substantial rights of a claimant only when they "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988). Remand is required only when, absent the procedural error, there is a realistic possibility that the ALJ would have reached a different conclusion. *January v. Astrue,* 400 Fed.Appx. 929, 933 (5th Cir. 2010) (per curiam). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul,* 986 F.3d 551, 555 (5th Cir. 2021). The plaintiff bears the burden of showing that the ALJ's error was prejudicial. *Jones v. Astrue,* 691 F.3d 730, 734 (5th Cir. 2012).

In the present case, even with a hypothetical limitation to frequent interaction with others – for which there is little if any support in the record -- the plaintiff could still perform the jobs relied upon by the ALJ at step five, and there is not a shred of evidence in the record supporting

a limitation to only occasional interaction with others. It is inconceivable to the court that if the ALJ had provided further discussion of the effect of the plaintiff's mental impairment on the RFC, the ALJ would have found the plaintiff disabled.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 30th day of April, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE